UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-CV-00095-MEO-WCM

| | |
|---|---|
| ANGELIA MCSWAIN,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | MEMORANDUM & ORDER |

**THIS MATTER** is before the Court on Plaintiff Angelia McSwain's Complaint (Doc. No. 1) for judicial review of an unfavorable decision by the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons below, the Court finds that the Commissioner's decision to deny Plaintiff benefits under Titles II and XVI of the Social Security Act uses the correct legal standards and is supported by substantial evidence. Accordingly, the Court will affirm the Commissioner's decision.

## I. BACKGROUND

The Court adopts the procedural history as stated in the parties' briefs and discusses relevant portions herein. (Doc. Nos. 6 at 2; 8 at 2–3). Plaintiff filed the present action on April 4, 2025. (Doc. No. 1). Plaintiff raises a single substantive issue on appeal:[1] that the Administrative Law Judge ("ALJ") erred in formulating

[1] Though Plaintiff briefly contends that "the ALJ . . . failed to consider [Plaintiff]'s financial constraints," (Doc. No. 6 at 2), Plaintiff challenges the RFC only as to her physical limitations, not financial limitations. Because Plaintiff's brief does not develop this "financial constraint[]" argument, the Court need not consider it. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party

Plaintiff's residual functional capacity ("RFC"). Specifically, Plaintiff contends that the ALJ failed to properly evaluate the evidence in determining that Plaintiff did not require use of a handheld assistive device in the RFC analysis. (Doc. No. 6 at 3–6).

## II. LEGAL STANDARD

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of the Commissioner's final decision to (1) whether the Commissioner applied the correct legal standards and (2) whether the Commissioner's decision is supported by substantial evidence. *See, e.g.*, *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604 (4th Cir. 2025); *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019).

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). The substantial evidence standard is not demanding. *See Biestek*, 587 U.S. at 103. To satisfy this standard requires only "more than a mere scintilla" in the record that "a reasonable mind might accept as adequate to support [the ALJ's] conclusion." *Drumgold*, 144 F.4th at 604 (internal quotation marks omitted). In other words, the ALJ must "buil[d] an accurate and logical bridge from the evidence to [her] conclusion." *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020) (internal quotation marks omitted) (second alteration in original). This Court looks "to [the] existing administrative record and asks whether it contains sufficien[t] evidence to support the [ALJ]'s factual determinations." *Biestek*, 587 U.S. at 103 (internal quotation marks omitted).

---

waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (citation modified)).

To reiterate, "[t]his isn't a high threshold." *Drumgold*, 144 F.4th at 604. So long as the Commissioner's decision is supported by substantial evidence, this Court may not reweigh evidence nor substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Drumgold*, 144 F.4th at 604 ("[W]e understand that ALJs are the front-line decisionmakers who are best positioned to decide which pieces of evidence are persuasive and which pieces of evidence are not."). This is true even if the Court disagrees with the outcome. *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (*per curiam*).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff qualified as disabled under the Social Security Act. The ALJ found that Plaintiff was not disabled because her "compliance with medical treatment recommendations and statements to pain management providers [were] inconsistent with her alleged loss of function." (Doc. No. 5-2 at 55). Accordingly, the ALJ concluded that Plaintiff had the RFC "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)" with "an option to alternate sitting for 30 minutes with walking or standing for an hour." *Id.* at 50.

The ALJ's reasoning turned largely on the discrepancies between Plaintiff's "subjective reports to pain management providers, the objective physical examinations, and her degree of compliance with treatment." *Id.* at 53. Notably, although Plaintiff's primary care physician prescribed her a rollator walker in July 2023, no evidence suggested that Plaintiff used the walker as prescribed. *Id.* at 55. Moreover, Plaintiff "did not see a podiatrist as recommended in July and August

2023." *Id.* Despite these deviations from her treatment plans, Plaintiff "has generally been able to ambulate effectively," *id.* at 53, and Plaintiff consistently reported pain and mobility improvements to her providers from at least July through November of 2023, *id.* at 55.

Plaintiff asserts the pain management note cited by the ALJ "is silent" on whether she needed a walker, and "silence is not the same as inconsistency." (Doc. No. 6 at 5). Although an RFC analysis "is based on all the relevant evidence in [the claimant's] case file," the ALJ may "assess[] which pieces [of evidence] are more persuasive than the others." *Drumgold*, 144 F.4th at 603 (internal quotation marks omitted). Here, the ALJ's conclusion rested on much more than the note or Plaintiff's use of the walker. *See* (Doc. No. 5-2 at 53). For example, the ALJ found persuasive Plaintiff's repeated statements regarding her "significant decrease in pain and increased mobility," which the ALJ considered "not consistent with the alleged degree of impairment." *Id.* The ALJ based her analysis on the entire evidentiary record and thoroughly explained her reasons for concluding Plaintiff was not disabled. That is enough to facilitate this Court's review, *see Shinaberry*, 952 F.3d at 123, and satisfy the substantial evidence standard, *see Drumgold*, 144 F.4th at 603–04.

Having considered the record, the ALJ's decision, the briefs, and the applicable law, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision. Accordingly, the Court affirms the Commissioner's decision.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Commissioner's decision is **AFFIRMED.**

**SO ORDERED.**

Signed: September 3, 2026

Matthew E. Orso
United States District Judge